## Case No. 732.

### BAILEY v. ATLANTIC & P. R. CO. et al.

[3 Dill. 22;[1] 1 Cent. Law J. 418.]

Circuit Court, E. D. Missouri.    1874.

TAXATION—RESTRAINING COLLECTION OF TAXES.

1. Under the circumstances, a temporary injunction against the collection of taxes by and under state authority, was granted.

[See Paul v. Missouri P. R. Co., Case No. 10,768.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2. Whether the exemption from taxation granted to the Southwest Branch of the Pacific Railroad by section 12 of the act of December 25, 1852, [Laws Mo. 1852–53, p. 13,] continues in favor of the Atlantic & Pacific Railroad Company, quaere. See Parmley v. St. Louis, I. M. & S. R. Co., [Case No. 10,768.]

[See Atlantic & P. R. Co. v. Cleino, Case No. 631; Trask v. Maguire, Id. 14,145; Same case, on appeal, 18 Wall. (85 U. S.) 391.]

In equity. This is a bill by certain stockholders of the Atlantic and Pacific Railroad Company against that company, its directors, and the officers of the counties through which the road runs, to restrain the collection of taxes levied by state authority on the property of the company for the year 1873. The bill, in theory, is like that in Dodge v. Woolsey, 18 How. [59 U. S.] 331. One ground on which an injunction is asked is that the property of the company is, by legislative contract, exempt from taxation for the year 1873. [Temporary injunction granted, with the reservation of a right to defendants to move to dissolve it on the first day of the next term, or as soon thereafter as counsel could be heard. For opinion on previous motion for the allowance of a temporary injunction, see Parmley v. St. Louis, I. M. & S. R. Co., Case No. 10,767.]

Baker & Lytton, for plaintiff.

H. Clay Ewing, Atty. Gen., and Mr. Clover, for counties.

DILLON, Circuit Judge. The special ground of relief in this case rests upon the twelfth section of the act of the legislature of the state, approved December 25, 1852, [Laws Mo. 1852–53, p. 13,] by which the Pacific Railroad, and the Southwest Branch Railroad, were, for a certain period, exempt from taxation, and upon the question whether the present company, the Atlantic and Pacific Railroad Company, is entitled to the benefit of that exemption, as the successor of the Southwest Branch Railroad. The twelfth section, above mentioned, provides that "the said Southwest Branch Railroad shall be exempt from taxation until the same shall be completed and in operation, and shall declare a dividend. * * * Provided, that if said company shall fail, for a period of two years after said road shall be completed and put in operation, to declare a dividend, then said company shall be no longer exempt from payment of said tax."

The undenied allegation of the bill is that the company has never declared a dividend, and that the road was not completed until the month of May, 1871.

The exemption, if it exists, in favor of the Atlantic and Pacific Company, would continue until May, 1873. The taxes now in question are taxes for 1873, and the learned counsel for the state have conceded in argument that, under the decision of the supreme court of the United States in Pacific R. Co. v. Maguire, 20 Wall. [87 U. S.] 39, holding that this twelfth section did constitute an irrepealable legislative contract for the

temporary exemption from taxation therein provided for, that the property of the Atlantic and Pacific Railroad was not taxable for 1873, provided that company is entitled to the benefit of provisions of the aforementioned twelfth section of the act of December 25, 1852. But the counsel for the state denies that the original exemption remains in force, or that it was granted, or after July 1, 1865, could be granted to the present company, or to the South Pacific Company, its vendor or predecessor, and claims that in this respect the case is like that of Trask v. Maguire, 18 Wall. [85 U. S.] 391, (the Iron Mountain Case,) in which this court held, and whose holding was affirmed by the supreme court, that the original exemption in that case did not survive or continue in favor of the present company.

Judge Treat has written an opinion in which he distinguishes the two cases, and seems to think that the Atlantic and Pacific Railroad Company is entitled to the legislative exemption from taxation granted by section 12, before mentioned. Atlantic & P. R. Co. v. Cleino, [Case No. 631.] As the report of that case shows, I formed and expressed no opinion on this point, and placed my judgment distinctly upon another ground.

On the present argument, three recent opinions of the supreme court were produced— Southern Pac. R. Co. v. Laclede Co., [57 Mo. 147;] Lawrence Co. v. Atlantic & P. R. Co., [Id. 149,] and Barry Co. v. Atlantic & P. R. Co., [Id.]—in which that court, in favor of the company above named, set aside the taxes levied by the counties, on the ground that the company was entitled to the legislative exemption in said section 12. The opinions were brief, but this is the very point involved, and, although it is not discussed, it is, perhaps, fair to presume that it was not overlooked.

I have purposely refrained from examining, at this time, the question whether, in view of the provision of the constitution of 1865, (article 11, § 16,) by which the state was prohibited from thereafter exempting private property from taxation, this case can be distinguished from the Iron Mountain Case, because I think the question ought to be brought before a full bench and decided upon a more careful consideration than I am at present able to give to it. In view, however, of the judicial decisions mentioned, particularly those of the state supreme courts in favor of the company on the very point here involved, it would seem the wiser course to grant a temporary injunction against the collection of the tax. This is done, however, with the reservation of a right to the defendants to move to dissolve it on the first day of the next term, or as soon thereafter as counsel can be heard. It is ordered accordingly.

Ordered accordingly.

NOTE, [from original report.] The exemption claimed by the company was held at the

term not to exist. See Mr. Circuit Justice Miller's opinion, [Parmley v. St. Louis, I. M. & S. R. Co., Case No. 10,768.]